NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER BOWEN, | No. 21-35750 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00232-CWD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted June 14, 2022**
San Francisco, California

Before: S.R. THOMAS, GOULD, and BEA, Circuit Judges.

Appellant Christopher Bowen timely appeals the district court's judgment

affirming the Commissioner of Social Security's denial of disability benefits. We

review de novo the district court's order and "will disturb the denial of benefits only

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

if the decision 'contains legal error or is not supported by substantial evidence.'" *Ford v. Saul*, 950 F.3d 1141, 1153-54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.

First, Appellant argues that the ALJ improperly discredited Appellant's testimony about the severity of his symptoms. An ALJ must provide specific, clear and convincing reasons for discrediting a claimant's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). Here, the ALJ provided two reasons, supported by substantial evidence, to discredit Appellant's testimony. First, the ALJ found that Appellant's testimony was internally inconsistent.[1] *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ is permitted to rely on inconsistencies in a claimant's testimony when evaluating the credibility of the claimant's pain symptoms). Second, the ALJ found that Appellant's testimony was inconsistent with the objective medical record.[2] *See* 20 C.F.R. § 404.1529(c)(4).

---

[1] For example, Appellant stated in his function report that he is unable to take more than a single step at a time before needing to rest for an entire hour, but he testified that he can stand for approximately fifteen minutes at a time and walk for approximately twenty feet at a time. Appellant also testified that he cannot lift anything with his right wrist, but admitted that he rode horses, worked as a truck driver, and worked as a furniture finisher *after* his wrist injury, all jobs which required him to lift between forty and fifty pounds.

[2] For example, Appellant testified that his pain and weakness in his left hip left him unable to balance, stand, or sit upright. But shortly before filing for disability benefits, an examination by an orthopedic specialist revealed that Appellant's hip was healing normally, and his strength was almost entirely normal.

The ALJ also discredited Appellant's testimony, in part, because he failed to pursue treatment for his injuries. The ALJ erred by relying on Appellant's failure to pursue treatment because Appellant introduced uncontradicted evidence that he was unable to afford treatment. *See Trevizo*, 871 F.3d at 680-81 (holding that a claimant's noncompliance with treatment could not be used to discredit her where "nothing in the record contradict[ed] [her] claims that she was at times noncompliant with medication because she could not afford it."). However, we may uphold an ALJ's decision even if not all of the ALJ's reasons for discrediting the claimant's testimony are sound. *Batson v. Comm'r of Social Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Second, Appellant argues that the ALJ erred by discrediting a consulting doctor's medical opinion. For claims filed after March 2017, like Appellant's claim, ALJs must review every medical opinion for "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Here, the ALJ had substantial evidence to discredit the opinion because it was not supported by objective medical evidence, and it was inconsistent with Appellant's own account of his injuries.

Third, Appellant argues that the ALJ erred at step five by applying the Medical-Vocational Guidelines for light work instead of sedentary work, and by relying on the testimony of a vocational expert to find that Appellant is eligible to work at jobs that exist in significant numbers in the national economy. Because the

3

ALJ properly discredited the consulting physician's medical opinion and Appellant's testimony, the ALJ did not err in applying the guidelines for light work. However, because the ALJ also found that Appellant had some physical limitations, Appellant's case did not fall neatly into the guidelines, and the ALJ acted properly in consulting with a vocational expert. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) ("When [the guidelines] do not adequately take into account claimant's abilities and limitations, the [guidelines] are to be used only as a framework, and a vocational expert must be consulted.").

**AFFIRMED.**